Thank you your honor. May it please the court. Jared Paul Martin on behalf of Santario Boyd. This court's precedent requires sentencing judges to adequately explain and carefully tailor exacting conditions of supervised release that implicate individuals fundamental constitutional rights. Here the district court erred by imposing five onerous conditions that failed to comply with 3583 D's requirements. That conditions be reasonably related to the relevant 3583 factors, be consistent with the Commission's policy statements, and be tailored to involve no greater deprivation of liberty than is reasonably necessary. The district court further erred by failing to meaningfully respond to Mr. Boyd's request that the exacting conditions be tailored to his individual circumstances. These errors preclude meaningful review by this court and fail to promote the perception of fair sentencing. Thus this court should vacate all five conditions challenged in this case and remand for resentencing with respect to the challenge conditions. But because of limited time your honors I would like to focus on the district courts error in imposing a warrantless search condition as we find the imposition of this condition to be the most egregious error. And the court's error in imposing the warrantless search condition really does underscore the court's errors as far as the other conditions. Even though Mr. Boyd's offense did not involve a computer and even though there's nothing in the record indicating that he ever used a computer unlawfully, the warrantless search condition allows probation officers and law enforcement officers to rummage through Mr. Boyd's personal computer files and private emails without any suspicion of criminal activity. There was simply no evidentiary basis to support warrantless searches of Mr. Boyd's computers. In Bradley and Hill this court has recognized that while a supervisor's privacy interests are reduced, the Fourth Amendment still protects them against unreasonable searches and seizures. Thus before imposing conditions the district court knows that supervisees have fundamental Fourth Amendment protections to be free from unreasonable searches. This Fourth Amendment protection provides a fundamental safeguard against officers intrusive searches of a supervisee's home and computers which store many if not most of the privacies of life. Thus at sentencing defense counsel requested that the court impose a less restrictive alternative to a warrantless search with no suspicion. Counsel requested that the supervised release warrantless search condition be tailored to quote be based on a reasonable suspicion that's individual and specific to Mr. Boyd end quote. But the court... So let me deal with this one just to say you know I think we can you can agree that suspicionless searches conditions of this type have been held to be reasonably related to the purposes of supervised release and particularly Ollie where you have a client here who has several prior probation violations most recently which he was acquired a stolen firearm and used it to shoot somebody you know so you would think this could help to deter him from engaging in any similar conduct in the future. So I mean doesn't that cut directly against arguing against this particular condition and I you know you say you're gonna pick one of these things but you know if that's what it's gonna do but you got to justify each warrant or at least bring a reason as to why each one should not be applied but answer that one as to I mean basically your client has a lot of sure I think I think the problem is your honor with this case the overarching problem is that the court did not did not comply with 3583 D's requirements and the the scant explanations that the court did give are insufficient so I would like to talk about those two including the the probation violations that your honor mentioned as far as the courts the first the first explanation excuse me excuse me mr. Martin so what you're really talking about is two different things aren't you one is is is like procedural whether the court procedurally did the right thing by just essentially relying on the standard conditions that they've been using in the Western District of North Carolina and then the second part of your argument is that correct is that the yes your honor that's that's those are exactly that if we agree with you that the court did not articulate an adequate reason then do we send it back for further explanation that's that's what I'm wondering at this point yes your honor yes if you if this court finds that the court's procedurally erred and imposing these onerous conditions then yes I think that's where the this court's decision would end and it would be sent back and that's what we're asking we're asking for this court to remand these unlawful conditions I'm sorry to debate to vacate these unlawful conditions and remand to the sentencing judge for resentencing as far as these conditions are involved you really want to micromanage some of the some of this stuff I understand your point on the warrantless search requirement but what is wrong with requiring somebody to work 30 hours a week don't associate with criminals and and and I know you want to knowingly but but but that's implied I mean if you see somebody on the street and you say good afternoon and they end up being a serial murderer obviously you're not going to be you know chastised for for talking with them so I mean this seems pretty you know pretty vanilla to me until you get to the requirement isn't that really the meat of what you're arguing here oh I like I said earlier on I do believe that most the most egregious errors are the warrantless search conditions and the financial conditions that are just so broad but I would to address your honors question as far as the employment condition all that mr. Boyd requested was that that condition be consistent with the guidelines what the guidelines recommend and what the guidelines recommend is that is your assessment but I thought of the five those were the two that were probably least persuasive on it I thought that the full-time employment of it I mean made it really kind of if I could go to eat one day the interaction of the felons and a risk notification probably had a little bit more to it than what you the ones you bring but you think those are the and particularly the financial disclosure one I'm just telling you from my perspective when I looked at it I thought that was the least persuasive one you had maybe some muddleness with the warrantless thing but it only to the extent that maybe nuances language on the computer to say maybe a reasonable search some reasonable language in it but the other three I thought were the more persuasive ones but that shows you I can read something that's not match up to what what you're doing is just want to throw that out you know maybe that's what I saw mr. Martin maybe these these different perspectives of the judges then proves your point that the trial judge needs to explain I think so absolutely your honors I think a reasonable minds can can differ as far as the extent of the district courts errors but I think the underlying point is that the court erred and failing to explain these very onerous conditions but I think your your point your honor that the financial condition is also very broad and the employment condition is problematic that I completely agree with that and just as far as the the employment condition because I believe both of your honors touched on that mr. Boyd has the right to engage in any of the common occupations of life and the court of the court failed to impose a lesser restrictive alternative as requested by mr. Boyd the employment condition involves fundamental rights and the court failed to base the specific condition on facts from the case and failed to narrowly tailor the condition that's the court violated requirements under 3583 D and that's really the the issue with all of these conditions is the court failed to comply with 3583 D but I also like to get back to the the procedural error because the explanation that the court gave is insufficient as far as the courts first explanation the court stated that it imposed the conditions because the court believed that the district courts standing order conditions are warranted in every case but the court did not have the benefit of this courts decision in McMillan which was decided after mr. Boyd sentencing and in McMillan this court held that a district courts duty to explain conditions cannot be satisfied or circumvented through the adoption of a standing order and I was listening but that's not all the district courts said it said it did say I believe those standard concessions are warranted in every case but went on to say but especially in this case where as judge Wynn pointed out there's been a committee in offenses while on probation and I count the court counted at least five separate probation violations so the district court did go on to give at least with regard to this defendant some explanation right yes your honor that that's correct but the courts explanation as to probation violations it's also sufficient and lacking for at least four reasons first there's no evidence in the record about computers second this court made clear and early that generalizations about criminal history are insufficient to support onerous conditions impacting fundamental rights when there's no information but the stringent condition is necessary and here there's no information that searching mr. Boyd's computer is necessary because his offense did not involve a computer and there's no evidence whatsoever in the third the court did not provide individualized evidence the mr. Boyd's conduct in the probation violations supported a search condition excuse me this court made clear in Ellis that there must be individualized evidence linking the condition to the underlying criminal conduct or rehabilitation in other words the court must connect the individual facts of the case to the here the court made absolutely no reference to computers and why a computer search condition was necessary in this case third okay let's let's deal with a computer I mean basically could not be fixed by us just the sentencing commission has come out recently dealing with this reasonable suspicion business when you're dealing with a condition for sex offenders so what if we just send it back and says you know romance as well just include a reasonable suspicion limitation on the search and other computer I mean that that seemed to comply with with that the business of the reasons of the court you know when I look back in your objections there was no explanation to the objections I mean the court doesn't get the reason but I mean and I understand the court has affirmative duty but it seems to me when you object you could give some specific reasons like what you're doing today when you're dealing with the district court of these things particularly in the instance and particularly dealing with the probation violations all of them all on place and then the court imposes this condition so well does that not affect at least our procedural reasonableness analysis my answer your honor was first of all we believe that the objections did preserve the challenges for abusive discretion review they did they did but but but the question is you just objected you just they object you didn't tell us anything I mean you're in a district court position it seems like if you really want to get these things you would say well you know your honor this is object let me tell you something here this is what I want to go with it but just object and wait you get up here and give us all these wonderful reasonings seems like you should have given them to the district court to your honor if I may I think I think it's important to to look at the record in this case so at joint clinic 70 the record I'm sorry the PSR stated as far as the conditions please refer to the website to view the standard conditions adopted by this court the PSR did not adopt the website where the standing order could be accessed mr. Boyd then filed specific written objections and that's pages 47 and 48 of the joint appendix and mr. Boyd objected to the standard conditions that this but the court believes should be imposed in every case the final PSR did not adopt the conditions stated in the website but stated that the court is made aware of the defendant's assertion by way of this addendum and when the court stated I'd be glad to hear from you on any objections to the pre-sentence report the defense counsel stated we do not have any objections to go over at this time your honor defense counsel was under no obligation under this courts precedent and Lynn Aguilera and Clark to further elaborate on the objections to the standard conditions so the court was basically on notice of the objection of what mr. Boyd objected to and why and that's enough to preserve for abuse of discretion review and I see I apologize I see I'm just just now out of time and I will reserve some time for rebuttal please your honor okay thank you mr. Martin mr. and right there may it please the court Anthony and right for the United States I want to start by addressing the district courts comment the district court did say in beginning its comments about the the the warrantless search condition that the conditions are warranted in every case and that that is not this this court standard and the reason the court's explanation was nevertheless sufficient in this case is because it went further and made an individualized determination in this case similar to the decision in Van Donk where the proof the the therapy provider said I I think pornography adult pornography is appropriate in every case and I make that a rule in every case what because the district court said that it was particularly warranted in his case this court upheld it and that's what happened here the district court also its explanation for its conditions wasn't limited to the statement it made in response to the defendants what I view as a clearly gratuitous request for an amendment of the warrantless search condition not an objection to it certainly not one based on any statute any guideline or any constitutional provision but the court prefaced its discussion of the sentence as a whole with its reasons with the things that considered the pre-sentence report the the psychological evaluation the objections the written sentence member sentencing memorandum in the pre-sentence report his history his characteristics his allocution his specific probation violation take this condition number 11 where the court imposes this does it still work full-time at least 30 hours a week of lawful employment and what the defendant asks it's why don't we add some language or actively pursue such a format and I guess that's because we all know it's not easy to find a job when you've been a fellow and typically it feel so the do so could subject you to punishment so what would it be reasonable to simply just add that language that allows him to say either work 30 hours or demonstrate that he's actively pursuing employment that would be entirely reasonable your honor and I suspect the court would have done exactly that if the defendant had not said at sentencing I don't have anything to go over I don't have any objections to the pre-sentence report saying I don't have any objections to the pre-sentence report to go over this time and it's entirely saying in terms of just the fairness of it when you look at the sentencing Commission's language on this kind of thing it does have that kind of language or he or she shall try to find full so would you have any objection to send it back just to that language I would have an objection to sending it back because I think in order to send it back this court needs to find that the court committed a reversible error and it did not the reason I don't object to that language in particular is because I honestly believe it's as as Judge Keenan referred to with another condition it's implied this court has held in Van Donk you don't the the general principle the background principle for interpreting these conditions is that you exclude inadvertent violations if you made a good faith effort to be employed and he didn't get the job the courts not going to revoke him he's going to have a defense he's going to say it was an inadvertent violation and he would have a defense even if we tried to seek a violation so so how do you respond with condition 12 on the defendant cannot communicate or interact with any persons engaged in it does not have us it does I disagree or it does have you look at her I apologize it does I'm looking at the seventh circuit court case that has almost an identical type situation and they said it was fatally vague and imposing a kind of strict liability in this circuit and in several other circuits the Second Circuit I think this this I know Van Donk came before this case but in the Second Circuit and unless there's some good reason to construe the condition otherwise they they they have a requirement this is a very strict this is a strict thing here it says he could have an inadvertent violation of this situation it doesn't say that he knows or should know that he's not acting a felon it just says you can't do it and if he does it you might want to read something in here but this is if we're following the state what it says it says shall not communicate any person is engaged in criminal activity shall not communicate better in a person convicted of felon unless that doesn't say anything about let's let's be clear so we can understand this is how we do not understand each other we have a way to do it okay you you forcefully argue case and I'm not offended by it but I want to make sure we get the point so we can move forward with it because it does seem very clear to me you might want to read it in there in this circuit or whatever but it does not have a scienter requirement it does not require that he knows it should know this person is a felon it simply says if he does it so if he goes and he interacts with any felon he may not have a clue quite frankly I don't know how you tell a felon if you don't have some knowledge of it you know for most part I mean that people I don't go based upon the way people look or might be hearsay or whatever and I'm not saying has he has to absolutely know it but he it could be a should know sort of situation shouldn't that be some Sienna requirement here to kind of at least take this out of a per se liability mode your honor there should be a Sienna requirement and that Sienna requirement is implied it I'm not not I'm not I'm not asking this court to adopt that principle this court adopted it in Van Donk the condition and in Van Donk said you will follow the rules of your treatment provider the word knowingly was nowhere in there what this court held so would there be a problem would there be a problem in in just having the trial the district court simply just put in a Sienna requirement there just like the first one I said would it be a problem doing that your problem is it's not done so let's just leave it like it is and he didn't object to it but in terms of fairness is there a problem with doing that I I do think there's a fairness problem with that because you're not entitled to reversal of an opinion of you're not entitled to reversal unless the district court committed an error it's not fair to the district court to allow somebody to bypass the district court raise an issue for the first time in this appeal and then tell the court it's just first of all it's not fair to say that these things are raised for the first time it you're asking us to do is impose a reminder no your honor you have to say well wait a minute judge we filed these written things earlier we need you to address them too but that that's not the main point I want to make the main point I want to make is judge wins making some very it seems to me very common sense and very clear observations and this was the point that I was trying to make in Miller and maybe didn't make it strongly enough these kind of these kinds of standard cookie-cutter one-size-fits-all conditions do not fit every situation and they don't give the individualized attention that judges are required to give and they place defendants in legal jeopardy the court doesn't intend to do it but it's judge wins saying well I agree with you mr. and right that while these may be implied judge wins saying that doesn't really matter why don't because on its face it subjects the defendant liability so why aren't we all on the same page but this should be done to give the defendant the right amount of notice and that as we said in McMillan these conditions just don't do the job and and and why didn't the district court here because it just trotted out these conditions like they do in the Western District all the time and or had done prior prior to the earlier decision no why don't we want to clean this up why isn't this good for everybody in the system so your honor your question has a few parts and I'd like if I to take the opportunity to address all of them because I think they're all very important the first is I don't think I believe mr. Boyd was sentenced before this court's decision in McMillan I am I'm 100% same judge judge Conrad I'm 100% confident that he got the message I'm assuming it was done before absolutely I'm not assuming anything on the judge's part he's got enough job to begin certainly and your honor the court does use the the court uses the standing order for language so it's not drafting language though the kind of things that can you know escape you if you're just sitting on the bench but it does make an individualized determination in each case as a routine matter and there are decisions before this court often not even involving supervised release conditions because I think they're adequately addressed where it's exactly this the defendant says hey there should be a knowingly requirement in there in the court says sure it's in there but the big difference between those cases in this one is that the disk the defendant in this case didn't just fail to raise his prior written objections the district court said okay let's talk about your objections she said I don't have any objections to talk about that is the only reason these minor things these things that are reasonable and easily could be addressed we wouldn't object to adding the word knowingly in there our position is that knowingly is already in there that wouldn't change anything and we haven't objected when the defendant has actually raised that in a way that doesn't steer the district court away from objecting what I think would do the do everybody good to paraphrase your honor would be to the defendant to simply tell the district court what he's saying to this court that's what the standard is under Lynn preserved errors are the errors you repeat on appeal after presenting them to the district court miss the defense counsel could have simply asked the court in at the time of sentencing at the time he pronounced the standard conditions which this court held in your honor I have I have these issues can we address them instead she said I have no objections I want to discuss and then when the court said hey is there anything you want to discuss anything other than what we've discussed today she said I have no objections and there's no legal reason why this court shouldn't impose the sentence it just described including the condition I have nothing further to argue at this time didn't counsel say she said I specifically we do not have any objections to go over at this time and that was the time for addressing objections but that already particular the district court would I agree with you better practice for counsel to say you know remember judge you know we filed some written ones but when has a writing that's not our position your honor and that's not what the defense attorney did she filed it in writing and then she told the court we have no objections to go over at this time at sentencing which is the time for going over the objections especially when the art of the primary argument one of the primary argument she's raising on appeal is that the district court didn't go over its reasons for imposing these conditions there is a requirement you're saying there's a reminder requirement well there's it's not it's not a no your honor had she said nothing had the district court put her on notice this is the time to talk about objections and she said I just want to rest on my briefs I don't want to talk about them any further than what I have in my briefs which is a common practice many times occurs that would have preserved it she made the affirmative step to dissuade the court from talking about the objections it's totally unfair both to the district court and to any party who might have anything to say about that including us who would have an opportunity to say wait we don't object to adding a notice or a knowing requirement to this to give to basically steer the court away from discussing the issue and then complain that the district court didn't adequately address them and even if you even apart from error preservation requirements even apart from from waiver this standard is under the court Supreme Court's precedent this precedent is did the district court adequately address or consider the arguments of counsel and have a reason to basis for its its decision-making authority when defense counsel says so little and doesn't even think that the objections she made are worth discussing at sentencing and says they're not we don't need to discuss them now a very cursory response is appropriate because the the arguments are very thin similarly with the with the let me understand where that goes in terms of probation violations and what goes on if I understand you correctly at least in terms of where you're going and I know you're not going to the to the extreme on it but essentially if there are conditions that we find do have some element of vagueness to it as we pointed out with regard to the full employment you might could read it in and some case law in terms of well there is this requirement that you actively you can actively pursue the sentencing Commission is now added in or even with the interaction of felons you can say well there's some case law that it can you don't just read what the words it's not per se you know it has a requirement even though we don't see it and plus you didn't object and then you deal with the risk to others whole business and and you know the eight circuits dealt with that in some extent says you know there's no risk yeah there's no definition of what the risk is what is the level of risk we're dealing with here and so if I understand you correctly you could you could take it even worse situations of this that defense counsel does not object does not you know they didn't say anything so that they just should live by what did it because didn't say anything in other words the court has no independent duty to to to ensure that what the court is doing meets maybe something less than constitutional standards but at least the fairness aspect of it and the practical aspect of saying what it should say in the instance of you got to have you got to work 30 hours a week as though it's getting ready to give him a job and you sit in there to the job and says I got a lot of jobs here you got to work 30 hours a week but just basically leaving out the step you got to go find the job and you are convicted fellow and it depends a lot on what you've done as a convicted fellow and the community you in that you got to work 30 hours a week now I would I would add it doesn't say what that work has to be who you have to work for so you know there's some play there but I'm pretty sure the court will read in some restrictions there so all I'm saying is and what I've said initially is and when maybe what judge Kanan is going with this is to the extent of what would be wrong with just having the court put those conditions in here so that it then informs the process and I I gather I I think the standing order has probably been changed by now but I don't know it definitive answer so so that seems to be indicated what's the problem just go back and just do it I mean I don't get it I don't know why you're vigorously arguing something that can be easily fixed and which you pretty much said I don't have an objection to those conditions I just think I'm mad because they did not they didn't even ask for or he didn't get up and said the judge did it so the judge did no error it doesn't have to be what you call error it can be something that just needs to be done we can call us up mother in the air if you want to you know judge you did a great job here in light of what was there but we we think it's a good idea we're gonna ask you to go back and do it this way that make you feel better no your honor and I don't want to I if I've suggested I'm mad about something I certainly didn't mean let me show you because I don't want you to get is that they don't all be bad I didn't mean that word feel better in the sense of you were mad I meant does it meet with your agreement to any degree that if we just send it back and says add these little things that it seems to be no objection to it just to make it more no report with standing order and perhaps with some of the sentencing guidelines conditions no no no your honor with respect I think it would have exactly the opposite effect because what would send the message is that an entirely appropriate way to do this is to dissuade the district court from addressing the issue raise it for the first time in the fourth circuit and have the fourth circuit send it back conveying the objection that the defendant could have clearly made directly to the district courts face that is a circuitous process that will in inevitably encourage defense attorneys and attorneys to not raise the issue in a common-sense way or when they have an opportunity to say hey this is a real easy issue can we just add knowingly in there to the district court which would take a moment instead to pursue it on appeal in order to have a reversible error maybe have a do-over at sentencing I'm not sure why that is of value to defense attorneys but it seems to be something that attorneys it seems to be an incentive that attorneys tend to follow when it's given to them so because not all defense counsels and yet if the court sees it over and over again and the court sees that something isn't being done you just sit there and listen as though well he didn't say it so I'm not gonna do it no you're right the prosecutor says nothing and even though you agree with it you just say nothing in other words everybody's an officer of the court in there he represents the defendant but everybody is an officer of the court and for your art for the court to sit there blindly as though it is powerless to do what might be fair or what seems to be right and the prosecutor to sit there as well you didn't ask for it so I'm not gonna press it even though I would say this is what I would put in there it just doesn't seem right to me I mean and this is I mean this is not a huge murder trial thing we're dealing with here we're conditions what I mean just it was saying you don't want to bring it up a year why don't you fix it down there you saw it what was the problem there everybody can't participate with the save some time here your honor I see my time is up I'd like to respond very briefly to judge wins question if that would be okay I think you'll find your honor that if you see since McMiller and in more recent cases and you'll see cases where defense counsel said exactly that to the district court hey can we add knowingly there at the time for making objections during sentencing and the court did exactly that and corrected it there and I think that's exactly the correct process you raised the objection in a way that allows the district court to know what the basis for your objection is and what you wanted to do and only then if the court doesn't do what you want you raise it for the first time on appeal that is the most efficient way to encourage both of us on each side to correct those issues in the to go into effect that have those issues only to be corrected on appeal so I'm over time and I appreciate the court's indulgence and we'll ask that the district court affirm the judge this court affirm the judgment of this report okay thank you mr. Enright mr. Martin thank you the court I have a couple of responses first of all I'd like to highlight that the district court does have a duty to explain to promote the perception of fair sense second the written the specific written objections filed in this case preserves the objections for abusive discretion review under this courts holdings and when Clark and Aguilera and I would note as judge when pointed out I believe that the government didn't respond to the objections the government could have written responses the government failed to do that the government didn't file responses saying that this the answer requirement we wouldn't object to that the government remains silent and didn't say at the sentencing that Defense Counsel was not proceeding properly or that's defense counsel had waived these arguments the government remained silent I would also like to say thirdly that the warrantless search condition is preserved at sentencing defense counsel requested that the court impose a less restrictive alternative to a warrantless search with no suspicion counsel requested that the supervisor released warrantless search condition be tailored to quote to be based on a reasonable suspicion that's individual and specific to mr. Boyd so the court was on notice that mr. Boyd was requesting a reasonable suspicion requirement in other words asking the court to narrowly tailor this condition to reflect his individual circumstances which is required under 3583 D and the court failed to incorporate that fairly straightforward request and I point out that now in the Western District the court's standing order has changed and does have a reasonable suspicion requirement and as judge when mentioned earlier it also has a mens rea requirement for the association condition so I think that really supports our arguments that the court did not comply with 3583 D and consider the arguments that the council made fourth I'd like to briefly touch on the government's argument about the sentence as a whole the conditions were not adequately explained when considering the sentence as a whole and McMiller this court rejected the government's argument to consider the sentence as a whole where quote the district court made no attempt to link its explanation for the term of a confinement with the term or conditions of supervised release in quote and that's exactly what we have here the court made made no link between its explanation for the length of imposed and in closing your honor I would like to say that what a judge Keenan said early really did resonate with me that always doing it one way doesn't make it right and that's what happened in this case the court always these conditions and believe they should be imposed in every single case and that doesn't meet 3583 D's requirements the overarching purpose of supervised release is to provide a rehabilitative bridge but supervised release is also supposed to promote deterrence and protect the public thus compliance with 3583 D is essential to balance these interests unfortunately without complying with 3583 D the court imposed onerous conditions that will present huge obstacles for mr. Boyd's successful reintegration into society what business doesn't use computers these days what employer will want to hire mr. Boyd when he's forced to tell them the probation or law enforcement officer can search through his computers indiscriminately what employer will want to hire mr. Boyd when he discloses that probation officer could search through the office offices financial records and supply them the US Attorney's Office why will any individual want to live with them when probation officer can search through their own private computers life after prison is judgment noted is often not easy for our clients and these unnecessary conditions will likely disrupt their lives by negatively affecting limited employment opportunities and in interrupting personal relationships in closing individuals on supervised release do not shed all of their constitutional rights when they're freed from prison and begin a term of supervised release the district court should not rely on a standing order and mere generalizations to support onerous conditions that diminish mr. Boyd's odds of a successful transition let me ask you one let me ask you one final question could you just ask the district court to modify these conditions to reflect a new standard order I think that's that's basically a you know most of our arguments requested that in some way we requested compliance 35 understand what you're requesting us but I'm asking could you ask the district court directly to modify these conditions to reflect the new standard order yes your honor why don't you I think hopefully this court will remand for that for the court's error and I think hopefully this decision will put the will put the court on notice of its obligations other 3583 D and you know remind defense counsel to bring up the the sentencing Commission's policy statements but I will say it in this case we did you know object based on 3583 D as well as object to the warrantless search condition okay thank you counsel mr. Enright mr. Martin both done a very good job today we appreciate your face today in the ritual setting and sorry we can't greet you personally but we do indeed appreciate everything you've done thank you so much thank you your honor
judges: Barbara Milano Keenan, James A. Wynn Jr., Stephanie D. Thacker